United States District Court
Northern District of Illinois
Eastern Division

FILED
FEB 2 6 2008
Feb 26 2008 MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Overtis Dykes
Laura Barkalow-
    Petitioners

v.

United States of America
    Respondent

Case No. 07 CR 857

Judge Grady

---

### Motion to Dismiss Indictment for Violation of V<sup>th</sup> Amendment Due Process Clause, and VI<sup>th</sup> Amendment Speedy Trial Clause.

Now Comes, Overtis Dykes and Laura Barkalow, hereinafter jointly and severly "Petitioners", seeking dismissal of indictment due to _extreme prejudice_ caused by the governments inordinate delay, in violation of the Fifth Amenment Due process Clause, as well as the Sixth Amendment right to a Speedy Trial.

The Sixth Amendment guarantee of a speedy trial is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation, and to limit the possibility that long delay will impair the ability of the accused to defend himself. (U.S. L.Ed ■ Digest, Criminal Law § 48 (quoted in _United States v. Marion_ 404 US 307, 30 L.Ed 2d 468, 92 S.Ct. 455.

The court in _Marion_ also observed that the Due Process Clause

-1-

of the VI<sup>th</sup> Amendment may provide a basis for dismissing an Indictment if the defense can show that prosecutorial delay has prejudiced the right to a fair trial.

"Prejudice" as a factor in a speedy trial claim is not confined to merely an impairment of the defense but includes any threats to what has been termed the accused's significant stakes, psychological, physical and financial, in the prompt termination of a proceeding which may ultimately deprive him of life, liberty or property. United States v. Dreyer, 533 F.2d 112 (1976).

The Supreme Court said it best when speaking about prejudice caused to the defense by long delay in bringing cases to trial, whether from violation of the Speedy Trial Act, or from violation of the VI Amendment right to a speedy trial when it said:

"The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty, whether he is free on bail or not, and... [the delay] may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." United States v. Taylor, 487 U.S. at 340, 108 S.Ct. at 2421 (quoting Baker v. Wingo, 407 U.S. 514, 537, 92 S.Ct. 2182, 2195, 33 L.Ed.2d 101 (1972) (White J., concurring) (quoting United States v. Marion 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971))).

— 2 —

The court may properly look to the "Balancing test" of <u>Baker v. Wingo</u>, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) which is the jumping-off point for any analysis of a Speedy Trial claim. The <u>Baker</u> court isolated four factors which are significant in weighing the claim (1) length of delay, (2) reason for delay, (3) defendant's assertion of his rights; and (4) <u>prejudice to the defendant</u>. The court emphasized that it did not intend the list to be exhaustive nor any one factor dispositive and that other relevant circumstances should be considered. The court in <u>Baker</u> observed, in assessing prejudice to the defendant, that the speedy trial right was designed to prevent impairment to the defense, but also "to minimize anxiety and concern of the accused." The majority in <u>Baker</u> also recognized that an accused is "<u>disadvantaged by restraints on his liberty</u>," and "by living under a cloud of anxiety, suspicion, and often hostility." <u>Baker v. Wingo, supra</u> 407 U.S. at 533, 92 S.Ct. at 2193, 33 L.Ed.2d at 118. (See also <u>Smith v. Hooey</u>, 373 U.S. 374, 337-338, 21 L.Ed.2d 607, 610, 611, 85 S.Ct. 575 (1969) <u>People v. Prosser</u>, 309 NY 353, 356, 130 NE 2d 891, 894 (1955).

<u>History of the case establishes prejudice</u>

On June 20, 2006 Petitioners were arrested and ordered held pending indictment. Original indictment was returned July 20, 2006. After several delays which included a mental examination of petitioner Sykes. It took 5 months for staff at the MCC to arrange for one of there staff physicians to conduct <u>a single one hour interview</u>. A delay of over 150 days. On January 25, 2007 the government asked for a trial date to be set. After the court asked the government if there were any Speedy Trial concerns, and the government expressed none, a trial date of May 21, 2007 was set. The government asked for time to be excluded but gave no reason for needing such an exclusion. The court made up a reason to exclude time, which resulted in a

delay of 116 days.

On or about May 9, 2007, the government informed the court that it would be seeking a superseding indictment in a "couple of weeks". 76 days later (2½ months) on July 24, 2007 the government filed a superseding indictment and on July 25, 2007 the government once again asked the court to set a trial date. The court set a trial date of November 19th, 2007 and once again the government requested that time be excluded while not giving any reason for needing such an exclusion, and in fact leaving it up to the court to come up with a reason for excluding time. This was yet another delay of 117 days.

In November Petitioners discovered that the reasons given by the court for the delays were not reasons permitted under the Speedy Trials Act of 1974 § 3161(h). It was also discovered that because the government never moved to dismiss the original indictment and a new indictment does not restart the clock, the count for Speedy Trial violation would go back to July 20th, 2006. Unexcluded days equaled over 220, and total days incarcerated were over 540. Petitioners then moved for dismissal of there indictment under 18 USC 3161 + 3162.

On December 20, 2007 the court held a hearing on the motion to dismiss. In both the original motion as well as in open court the petitioners spoke of damage/prejudice that had been done to there ability to prepair for trial, such as the drain on their finances, loss of witnesses, the anxiety, the disruption of employment in that even though Petitioner Barkalow was released on bond, no one would hire her with her being under federal Indictment. The court dismissed the indictment without prejudice without making any comment about any of the prejudice claimed by Petitioners. So on December 20, 2007 after the court make his ruling, Petitioner Sykes made an oral motion for release under 18 USC § 3164 which deals specifically with 'Persons Detained or designated as being of high risk'. § 3164(a)(1) deals with "a detained person who is being held in detention solely because

— 4 —

he is awaiting trial and (2) a released person who is awaiting trial and has been designated by the attorney for the government as being of high risk, shall be accorded priority. Subsection (b) states clearly "The trial of any person described in subsection (a)(1) or (a)(2) of this section shall commence not later than ninety day following such continuous detention or designation of high risk by the attorney for the government. The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section". Because of the above Sykes asked for release under §3164(c) which clearly states "Failure to commence trial of a detainee as specified in subsection (b), though no fault of the accused or his counsel, or failure to commence trial for a designated releasee as specified in subsection (b), though no fault of the attorney for the government, <u>shall result in a automatic review by the court of the conditions of release</u>." Section 3164(c) then firmly states "<u>No detainee as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial.</u> The court then told Sykes that since his case was dismissed without prejudice that he would be released pending reindictment and rearrest on the warrant that would be issued. The court then set a court date of January 9, for arraingment on the third indictment. That same day the government filed the third indictment, and Sykes filed a motion for release under §3164(c) when the MCC failed to release him saying that the court had not sent over any paperwork saying his case had ever been dismissed and they showed no warrant. 11 days later on December 31, 2007 the MCC released Sykes.

 Petitioners appeared in court on the 9th of January but arraingment was continued untill January 16, 2008. Petitioners appeared again on the 16th, arraingment was held and petitioner Sykes was once again ordered held.

—5—

On January 30, 2008, the court held a status hearing to rule on an Emergency motion for release filed by Sykes under 18 USC § 3164. During this hearing Sykes stated orally the reason why he should be released from custody stating as he had in December when his second indictment was dismissed, that the prolonged pre-trial incarceration had drained his financial resources to a point where he could not even afford to acquire/buy even the basic supplies to defend himself like pens, paper, stamps so that he could mail letters to court, keep in contact with friends, family, or witnesses, he could not make phone calls since because of the high cost of the phone system in the jail. And since all his legal material that he had gathered over the 18 months of incarceration were taken home upon his release on December 31, 2007, such as books, pamphlets, documents, research reports, ect., they could not be reacquired since anything that is not a letter must be sent directly from the publisher. He further explaned that he was in the process of finding witnesses that he had lost contact with at the time he was rearrested on January 16, 2008. Sykes asked to be let out on bond and to be given 30 days to prepare for trial.

The court agreed to release Sykes on bond and to give him 30 days to prepare for trial, stateing to the government (correctly) that the court was concerned that if Sykes were not allowed bail and time to prepare, the appeals or Supreme might overturn the case becase he was not given an opportunity to present a defense. The court ordered Sykes released.

The government filed a renewed motion to detain Sykes pending trial, and obtained a stay of the order for release. The gist of the governments

-6-

Motion is that is that a defendant who knowingly and intelligently foregoes appointed counsel does so at his own peril, does not have a Sixth Amendment for disadvantages that necessarily result from that refusal, and when he refuses counsel, other alternative rights, like access to law library, do not spring up. To prove it point the government sited the following cases: Kane v. Espitia, 126 S.Ct. 407 (2005); United States ex rel. George v. Lane, 718 F.2d 226, 231 (7th Cir. 1983); United States v. Byrd, 208 F.3d 592, 593 (7th Cir 2000); and United States v. Moya-Gomez, 860 F.2d 706, 743 (7th Cir. 1988).

On it face the governments argument seems well founded, but when you look at it from the fact that the defendant has already suffered prejudice from a 19 month delay in his trial and prejudice from restriction of his liberty for 18½ months, the government arguement crumbles.

The prejudice to the defense was not and is not caused by the lack of court appointed counsel. It is caused by the 18 month delay in bringing the case to trial. The draining of financial resources and the loss/disapearence of witnesses, the restrictions on liberty and the disruption of employment. These injuries or "prejudice" are the same whether or not one retains counsel. Any delay of this lenght coupled with these injuries is so substantial and inherently prejudicial that the V th and VI Amendants requires the dismissal of the indictment.

The Supreme Court has ruled the same as far back as 95 years ago, when it spoke of the prejudice that the passing of time can cause

— 7 —

and the reason why the V and VI<sup>th</sup> Amendment could be invoked when they stated. "The underlying rational is to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, distruction of documents or failure of memory." Missouri, Kansas + Texas R. Co. v. Harriman, 227 US 657, 672, 57 L.Ed. 690, 698, 33 S.Ct. 397 (1913).

### Lenght, cause, and prejudice

The lenght of the delay has been 19 months, and the real reason for the delay was the government ignorance and negligence in not bringing Petitioners to trial within the time limits of the Speedy Trials Act, and the courts misunderstanding of how to apply the exclusions under 18 USC § 3161(h). The prejudice to the defendants is (1) an inpairment of the defence, (2) oppressive pre-trial incarceration, (3) restriction of liberty, (4) loss of witnesses, (5) disruption of employment, (6) drainning of financial resources, (7) curtailment of associations, (8) hightened anxiety, and (9) lack of being afforded Due Process of Law.

Whether the delay was intentional or not the effect is the same as recognized by Justice Brennan in a concurring opinon in United States v. Marion, 404 US 307, 30 L.Ed 2d 468, 92 S.Ct. 455 when he observed:

"A negligent failure by the government to ensure Speedy Trial is virtually as damaging to the interest protected by the right as an intentional failure; when negligence is the cause, the only interest necessarily unaffected is our common concern to prevent deliberate misuse of the criminal process by public officials."

— 8 —

## Relief Sought

For all the reasons listed above, and for all the reasons discussed in open court on both December 20, 2007 and January 30, 2008, petitioners request the following relief:

(1) Dismissal of Indictment due to prejudice suffered by Petitioners during 19 month delay by the government, in violation V$^{th}$ amendment Due Process Clause, imparing their ability to prepare for trial

(2) Dismiss Indictment due to prejudice suffered by Petitioners due to 19 month delay by the government in violation of the VI$^{th}$ Amendment right to a Speedy Trial, impairing there ability to defend themselves.

(3) Release of Petitioners from the care, custody and control of any United States agency.

Respectfully Submitted

/s/ Overtis Sykes
Overtis Sykes, sui juris

/s/ Laura Barkalow
Laura Barkalow

-9-

## Relief Sought

Do to all the reasons listed above and for reasons discussed in open court on both January 20th, 200