UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 857 |
| | ) | |
| OVERTIS SYKES, *et al.* | ) | Hon. John F. Grady |

**GOVERNMENT'S MOTIONS *IN LIMINE***

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, respectfully submits its motions *in limine* seeking pretrial rulings on the admissibility of certain evidence and the propriety of certain arguments, as follows:

**I.    Inadmissibility of Penalties Faced by Defendant**

The government moves this Court to preclude defendant from introducing evidence, making argument, or otherwise mentioning the potential penalties faced by him if convicted. The Seventh Circuit unequivocally has held that "arguing punishment to a jury is taboo." *See, e.g., United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997); *see also United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) (holding that "the sixth amendment requires that a jury determine questions of guilt or innocence; punishment is the province of the Court"). Such argument or evidence concerning punishment is improper because the law is well-settled that the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See, e.g., Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"), *quoting United States v. Rogers*, 422 U.S. 35, 40 (1975); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It has

long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."); *United States v. McCracken*, 488 F.2d 406, 423 (5th Cir. 1974) ("Except where a special statutory provision mandates a jury role in assessment or determination of penalty, the punishment provided by law for offenses charged is a matter exclusively for the court and should not be considered by the jury in arriving at a verdict as to guilt or innocence."). Mention of the potential penalties faced by the defendant would serve only the improper purpose of jury nullification. *See, e.g., United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("'The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.'"), *quoting United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980); *United States v. Patterson*, 1996 WL 54237, at *1 (N.D.Ill. Feb. 8, 1996) (prohibiting discussion of potential penalties to avoid possible jury nullification).

II.  **Inadmissibility of Evidence or Argument Designed to Elicit Jury Nullification**

The government moves this Court to preclude defendant from arguing, or otherwise presenting evidence or pursuing lines of inquiry designed to elicit, jury nullification. The law is plain that it is improper for a defendant to suggest in any way that the jury should acquit the defendant even if it finds that the government has met its burden of proof. *See, e.g., United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant."), *citing United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988) and *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993); *see also United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,'

but is to be viewed as an 'aberration under our system.'"), *quoting United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983); *see generally Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in criminal cases"); *Sepulveda*, 15 F.3d at 1190 ("Neither court nor counsel should encourage jurors to exercise [nullification] power. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification."); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice.  While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath"); Seventh Circuit Committee Federal Criminal Jury Instructions 1.01 (1980).

Although the government is unable to anticipate each form of "jury nullification" argument or evidence that defendants may seek to interject into this trial, the government does note the following examples:

### A.    Inadmissibility of Legal Arguments

Defendant has filed numerous documents in this case, many of which contest this Court's jurisdiction over him, and raise other related issues. The documents range from affidavits to motions to notices, and invoke, among other things, the Uniform Commercial Code, "proofs of claim," and "administrative dismissal."  In the end, each of these filings appeared to challenge this Court's jurisdiction, and all have been denied.

Courts decide contested legal issues; juries decide factual ones.  Indeed, Seventh Circuit Pattern Jury Instruction 1.01 informs the jury that they are to "decide the facts from the evidence in the case," and to "apply the law that [the court gives] you to the facts."  Seventh Circuit Pattern

Instruction 1.01 (1999).  To the extent defendant plans to argue his jurisdictional position at trial, or introduce related evidence, he should not be permitted to do so.  Moreover, since the Court has previously denied all of defendant's jurisdictional motions because they are frivolous or fail to raise an appropriate legal issue, the jury will be unduly prejudiced and confused if jurisdictional challenges are infused into this trial.  The government therefore moves to exclude all such references.

      **B.**      **Argument or Evidence of "Outrageous Conduct"**

There is an "increasing tendency in criminal cases to try some person other than the defendant and some issues other than his guilt." *United States v. Griffin*, 867 F.Supp. 1347, 1347 (N.D. Ill. 1994) (citation omitted).  The "thrust of the defense" in these types of cases is this: "the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond a reasonable doubt." *Id*. at 1347.  In the face of this increasing tendency to interject themes of "government misconduct" into a defense strategy, courts routinely have granted motions *in limine* "to bar defendants from presenting evidence or making arguments to the jury suggesting that they should be acquitted because the government engaged in misconduct in the course of its investigation." *United States v. Shields*, 1991 WL 236492, at *3 (N.D. Ill. Aug. 13, 1991); *United States v. Finley*, 708 F. Supp. 906, 913-914 (N.D. Ill. 1989) (granting motion *in limine* to preclude evidence "which is not relevant to defendants' guilt but is designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation."); *United States v. Katz*, 1992 WL 137174, at *5 (N.D. Ill. June 15, 1992).

The impropriety of arguing allegations of governmental misconduct to the jury is twofold.

First, and most fundamentally, the Seventh Circuit has rejected the outrageous government conduct defense and has held that such claims afford no defense to a criminal prosecution as a matter of law. *See United States v. Boyd*, 55 F.3d 239, 241-42 (7th Cir. 1995). *Boyd* is unequivocal in its holding that "outrageous government conduct" is no defense to a criminal charge, and the jury thus should not be exposed to irrelevant allegations of this sort. Second, even before the *Boyd* decision, this Circuit held that the issue of government misconduct was a matter of law for determination by the court: "the issue of outrageous government conduct is not an issue for the jury." *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (noting that every circuit which has considered the issue has held that the issue is not a jury question) (citations omitted); *see also Katz*, 1992 WL 137174, at *5 ("[T]he government is right in attempting to preclude any argument by [defendant] before the jury that the government's conduct in investigating and prosecuting this case is outrageous."); *United States v. D'Arco*, 1991 WL 264504 (N.D.Ill. Oct. 18, 1991); *Shields*, 1991 WL 236492, at *3; *Finley,* 708 F. Supp. at 913-914.

The government was unable to find cases in which courts have made the same *in limine* ruling with respect to a defendant's attempt to argue "outrageous judicial conduct"; however, the same rationale should apply. To the extent defendant tries to raise the issue of inappropriate conduct by the court, or a lack of jurisdiction over him, these issues are not for the jury and should be excluded from the trial.

    C.    **Argument or Questioning about the Motivation for Investigating or Prosecuting this Case**

Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial. *See United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political

5

instrument"); *United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution"). It is settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g., United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant"); *Katz*, 1992 WL 137174, at *7 (granting government's motion *in limine* to preclude inquiry regarding "[t]he subjective intentions or motivations of the agents involved in this case."); *Shields*, 1991 WL 236492 at *3 (precluding evidence concerning discussions between supervising agent and cooperating witness and noting, "evidence of conversations between the government and its cooperating witness are immaterial; rather what matters is what the witness said to the defendants.").

> **D.      Argument or Questioning Suggesting That the Investigation or Prosecution of this Case Was Racially Motivated**

Similarly, defendant should be prevented from advancing forms of argument or questioning designed to interject issues of race into this trial. Permitting unsupported and improper argument or questioning of this nature in the presence of the jury risks irreparable prejudice and confusion of the matters at issue. Courts have long noted that "[a]ppeals to racial passion can distort the search for truth and drastically affect a juror's impartiality." *United States v. Doe*, 903 F.2d 16, 25 (D.C. Cir. 1990).

Not only is there no evidentiary basis for interjecting into this trial allegations of racial or ethnic animus in the investigation or prosecution of the case, but the law is well-settled that claims of selective prosecution are to be resolved by the court and not the jury. *United States v. Jones*, 52

F.3d 924, 927 (11th Cir. 1995); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) ("[T]he issue of selective prosecution is one to be determined by the Court."). Likewise, evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial. *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Berrigan*, 482 F.2d 171, 174-76 (3rd Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution").

Of course, as a more general matter, it is also settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g., United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant").

### E.    Family needs

While the government acknowledges that the defendant is permitted to introduce, through proper methods, limited testimony concerning his background, the government moves this Court to preclude evidence and argument regarding defendant's family needs, including any arguments or evidence designed either to infer a motive or excuse for defendant's criminal conduct or to invoke sympathies regarding the impact of a conviction upon defendant's family. Such evidence is irrelevant to defendant's factual guilt and is designed for no other purpose than to invoke improper appeals for jury nullification. Accordingly, such evidence or argument is properly excluded. *See, e.g., D'Arco*, 1991 WL 26504, at *4 (holding that "no testimony or argument will be allowed

regarding the impact of the trial or possible conviction upon a family member"); *Shields*, 1991 WL 236492, at *4 (granting motion *in limine* precluding "any testimony regarding the possible impact which a conviction might have upon any family member").

### III.    Eliciting Defendant's Instructions to Stand-By Counsel

In this case, the court has granted permission to defendant to proceed *pro se* and with stand-by counsel. While stand-by counsel cannot be allowed to take over defendant's case, *McKaskle v. Williams*, 465 U.S. 168 (1984), there is no bar on stand-by counsel's unsolicited participation in the presentation of defendant's case before the jury. *Id.* If defendant persistently refuses to obey this court's orders, or injects irrelevant matters into the record, the court *may* direct stand-by counsel to take over defendant's representation. *United States v. Brock*, 159 F.3d 1077 (7th Cir. 1998). In *Brock*, defendant asked for a Bill of Particulars, and the court denied his request. At each hearing before the trial, defendant re-raised his request, which the court repeatedly denied. In response, the defendant refused to answer the court's questions about whether he wanted representation and repeatedly demanded the court state the basis for its authority to rule against him. In addition, defendant repeatedly challenged the court's jurisdiction. *Id.* at 1080.

Eventually, the court directed stand-by counsel to proceed on Brock's behalf. On appeal, the court held that while a defendant has a right to represent himself, that right is not absolute. *Id.* at 1079. It then evaluated the defendant's conduct, which consisted of repeatedly filing motions, arguing with the court, and refusing to answer the court's questions. The court then determined that defendant's behavior was a strong indication defendant would be disruptive at trial, and, looking to precedent in other circuits, further held his behavior and refusal to focus on the trial issues meant he would be unprepared to defend himself. *Id.* at 1080. The Seventh Circuit then upheld the court's

decision to direct stand-by counsel to represent defendant at trial.

The government moves for a court inquiry of defendant, to attempt to elicit his instructions to stand-by counsel, should this court decide to direct Mr. Korenkiewicz to proceed on defendant's behalf. Having this inquiry conducted before trial will avoid wasting the Court's and jury's time during trial, and will produce a clear record of the defendant's intentions regarding this issue.

### IV. Impropriety of Discovery Requests or Commentary Regarding Discovery in Presence of Jury

The government moves to preclude defendant from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury. Such requests in front of the jury are inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage. In fact, as often happens, defendant's requests are ill-founded because the discovery has already been tendered or is not subject to disclosure. Moreover, in this case, the government has endeavored to turn over all evidence. In any event, these requests, if appropriate, can easily be made to the Court or opposing counsel outside the presence of the jury with no prejudice resulting to either side. Accordingly, the government moves that requests for discovery or comments relating to discovery be made outside the presence of the jury. This system has been used in other cases – *see, e.g., United States v. Phillip Ishola, et al.*, 95 CR 523 (Leinenweber, J.), *United States v. Tejeda, et al.*, 05 CR 194 (Gettleman, J.) – and has worked well. The government believes it is a fair and sensible one to employ here. *See generally Thompson v. Glenmede Trust Co.*, 1996 WL 529693, at *2 (E.D.Pa. 1996) ("Rather than focus on the issues in the case, the jury may instead be misled by the irrelevant side issues of the discovery process. Therefore, the Court will not permit either party to refer to the discovery process in the presence of the jury at trial.").

V.      **Conclusion**

   For the foregoing reasons, the Government respectfully requests that its motions *in limine* be granted.

                                             Respectfully submitted,

                                             PATRICK J. FITZGERALD
                                             United States Attorney


                                   By:    /s/ Tyler C. Murray
                                          TYLER C. MURRAY
                                          BRIAN R. HAVEY
                                          Assistant United States Attorneys
                                          219 South Dearborn Street, 5th Floor
                                          Chicago, Illinois 60604
                                          (312) 353-7846/886-2065

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

**Government's Motions** *in Limine*

was served on March 5, 2008, in accordance with FED. R. CRIM. P. 49, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, and upon the following parties by U.S. Mail:

| | |
|---|---|
| Laura Barkalow | Overtis Sykes |
| Sister House | #09082-424 |
| 851 N. Leamington Ave. | Metropolitan – MCC |
| Chicago, Illinois 60651 | 71 W. Van Buren |
| | Chicago, Illinois 60605 |

By: /s/ Tyler C. Murray
Tyler C. Murray
Assistant U.S. Attorney
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-7846