UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 857 |
| | ) | |
| OVERTIS SYKES, *et al.* | ) | Hon. John F. Grady |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United

States Attorney for the Northern District of Illinois, respectfully submits the following proposed jury

instructions.

Dated: March 10, 2008

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:   /s/ Tyler C. Murray
      TYLER C. MURRAY
      BRIAN R. HAVEY
      Assistant United States Attorneys
      219 South Dearborn Street, 5th Floor
      Chicago, Illinois 60604
      (312) 353-7846/886-2065

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now, before the closing arguments, I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

GOVERNMENT INSTRUCTION NO. 1

Seventh Circuit Committee 1.01

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

GOVERNMENT INSTRUCTION NO. 2

Seventh Circuit Committee 1.02

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things, the witness's age; the witness's intelligence; the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias or prejudice the witness may have; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

GOVERNMENT INSTRUCTION NO. 3

Seventh Circuit Committee 1.03

You should use common sense in weighing the evidence and consider the evidence in light of your observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

GOVERNMENT INSTRUCTION NO. 4

Seventh Circuit Committee 1.04

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime that has been charged, such as an eyewitness. Circumstantial evidence is the proof of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

GOVERNMENT INSTRUCTION NO. 5

Seventh Circuit Committee 1.05

Certain things are not evidence.  I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside of the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections by the lawyers are not evidence.  Attorneys have a duty to object when they believe a question is improper.  You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence.  The purpose of these statements is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

GOVERNMENT INSTRUCTION NO. 6

Seventh Circuit Committee 1.06

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 7

Seventh Circuit Committee 1.07

The indictment in this case is the formal method of accusing the defendant of a crime and placing the defendant on trial.  It is not evidence against the defendant and does not create any inference of guilt.

The defendant is charged with four counts of the offense of bank robbery.  The defendant has pleaded not guilty to these charges.

GOVERNMENT INSTRUCTION NO. 8

Seventh Circuit Committee 2.01

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 9

Seventh Circuit Committee 2.03

The defendant has an absolute right not to testify.  The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

GOVERNMENT INSTRUCTION NO. 10

Seventh Circuit Committee 3.01

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

GOVERNMENT INSTRUCTION NO. 11

Seventh Circuit Committee 3.07

You have heard testimony of an identification of a person. Identification testimony is an expression of belief or impression by the witness. You should consider whether, and to what extent, the witness had the ability and the opportunity to observe the person at the time of the offense and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government has the burden of proving beyond a reasonable doubt that the defendant was the person who committed the crime charged.

GOVERNMENT INSTRUCTION NO. 12

Seventh Circuit Committee 3.08

To sustain the charge of bank robbery as alleged in Counts One, Two, Three and Four of the indictment, the government must prove the following propositions:

First, that the defendant took from the person or presence of another money belonging to and in the care, custody, control, management or possession of the bank at issue in the particular count of the indictment;

Second, that at the time charged in the indictment, the bank at issue in the particular count of the indictment had its deposits insured by the Federal Deposit Insurance Corporation (F.D.I.C.); and,

Third, the defendant acted to take such money by force and violence, or by intimidation.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of that charge.

GOVERNMENT INSTRUCTION NO. 13

Seventh Circuit Committee (1999), p. 325.

Intimidation means to say or do something in such a way as would place a reasonable person in fear.

GOVERNMENT INSTRUCTION NO. 14

Seventh Circuit Committee (1999), p. 326.

The indictment charges that the offenses were committed "on or about" certain dates. The government must prove that the offenses happened reasonably close to those dates but is not required to prove that the alleged offenses happened on or within those exact dates.

GOVERNMENT INSTRUCTION NO. 15

Seventh Circuit Committee 4.04 (1999)

If you find the defendant guilty, it will then be my job to decide what punishment should be imposed.  In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment.  It should not enter into your consideration or discussions at any time.

GOVERNMENT INSTRUCTION NO. 16

*Shannon v. United States*, 512 U.S. 573, 579 (1994)

Upon retiring to the jury room, select one of your number as your foreperson.  The foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

(Forms of verdict read.)

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

GOVERNMENT INSTRUCTION NO. 17

Seventh Circuit Committee 7.01

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count.  Your verdict of guilty or not guilty of an offense charged in one count should not control your decisions as to any other count.

GOVERNMENT INSTRUCTION NO. 18

Seventh Circuit Committee 7.03

I do not anticipate that you will need to communicate with me.  If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the court security officer.

GOVERNMENT INSTRUCTION NO. 19

Seventh Circuit Committee 7.05

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 20

Seventh Circuit Committee 7.06

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 857 |
| | ) | |
| OVERTIS SYKES, *et al.* | ) | Hon. John F. Grady |

### **VERDICT**

We, the jury, do hereby find the defendant, OVERTIS SYKES, as follows as to the following

counts of the indictment:

**Count One** _____ GUILTY _____ NOT GUILTY

**Count Two** _____ GUILTY _____ NOT GUILTY

**Count Three** _____ GUILTY _____ NOT GUILTY

**Count Four** _____ GUILTY _____ NOT GUILTY


_____          _____

FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

_____
Date

## <u>CERTIFICATE OF SERVICE</u>

The undersigned Assistant United States Attorney hereby certifies that the following document:

### Government's Proposed Jury Instructions

was served on March 10, 2008, in accordance with FED. R. CRIM. P. 49, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, and upon the following party by U.S. Mail:

> Overtis Sykes
> #09082-424
> Metropolitan – MCC
> 71 W. Van Buren
> Chicago, Illinois 60605

By:     <u>/s/ Tyler C. Murray</u>
        Tyler C. Murray
        Assistant U.S. Attorney
        219 S. Dearborn Street, 5th Floor
        Chicago, Illinois 60604
        (312) 353-7846